IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| XLEAR, INC., a Utah corporation,<br><br>          Plaintiff and<br>          Counterclaim Defendant,<br><br>v.<br><br>STS HEALTH, LLC, a Virginia limited liability company,<br><br>          Defendant and<br>          Counterclaim Plaintiff. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO AMEND SCHEDULING ORDER**<br><br><br>Case No. 2:14-cv-00806-DN<br><br>District Judge David Nuffer |

Defendant STS Health, LLC ("STS") moves for leave to amend ("Motion")[1] the June 3, 2016 Scheduling Order ("Scheduling Order").[2] The Motion seeks leave to file Supplemental Final Enforceability and Invalidity Contentions in addition to the Final Enforceability and Invalidity Contentions that were filed pursuant to the Scheduling Order in December 2016.[3] Xlear opposes the Motion ("Opposition").[4] STS filed a reply in support of the Motion ("Reply").[5] For the reasons set forth below, the Motion is GRANTED.

---

[1] Motion for Leave to Amend the Patent Case Scheduling Order [Doc. No. 54] to File Supplemental Final Unenforceability and Invalidity Contentions and Memorandum in Support ("Motion"), docket no. 63, filed Feb. 28, 2017.

[2] Patent Case Scheduling Order and Order Vacating Hearing ("Scheduling Order"), docket no. 54, filed June 3, 2016.

[3] Motion at 1.

[4] Opposition to Defendant's Motion for Leave to Amend the Patent Case Scheduling Order to File Supplemental Final Unenforceability and Invalidity Contentions ("Opposition"), docket no. 72, filed Mar. 31, 2017.

[5] Defendant's Reply in Further Support of Its Motion for Leave to Amend the Patent Case Scheduling Order [Doc. No. 54] to File Supplemental Final Unenforceability and Invalidity Contentions [Doc. No. 63] ("Reply"), docket no. 79, filed Apr. 14, 2017.

**DISCUSSION**

According to Rule 16(b), a Scheduling Order "may be modified only for good cause and with the judge's consent."[6] "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts."[7]

STS argues that amendment of the Scheduling Order is appropriate because it will allow STS to file "relevant prior art in support of its non-infringement, unenforceability and invalidity contentions . . . ."[8] STS explains that the parties are now in agreement, after a previous dispute, that the phrase "'xylitol/xylose' encompasses either xylitol or xylose individually, or both compounds."[9] Based on this agreement, STS argues, "STS has recently located additional invalidating prior art, and it would thus like to supplement its Final Unenforceability and Infringement Contentions [Doc. No. 59] in support of its defenses."[10] STS argues that it has been diligent in requesting amendment, there have been no prior requests for extension, and the case is still in relatively early stages, with no dates set for a claim construction hearing, a final pretrial conference, or a trial.[11]

Xlear, on the other hand, argues that amendment is not appropriate because the deadline elapsed two months before STS filed its Motion.[12] Xlear also argues that STS has been aware of

---

[6] Fed. R. Civ. P. 16(b)(4).

[7] *Colo. Visionary Acad. V. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000).

[8] Motion at 2.

[9] *Id.*

[10] *Id.*

[11] *Id.* at 3.

[12] Opposition at 1.

Xlear's 'construction of xylitol/xylose' from the outset of the case "because it comes directly from the Patent."[13] Finally, Xlear argues that amendment would be futile.[14] Xlear is incorrect.

First, a party is not barred from amending a scheduling order simply because the deadline has elapsed. The plain language of Rule 16(b) envisions amendment to a scheduling order, but conditions amendment on a showing of good cause.[15] Thus, Xlear is incorrect that amendment is barred because the deadline elapsed before the Motion was filed.

Second, while Xlear is correct that the '143 Patent itself discloses that "'xylitol/xylose' is used herein to mean 'xylitol' or 'xylose' or 'xylitol and xylose[,]'"[16] Xlear is incorrect that this precludes amendment of the Scheduling Order. The parties disputed the term "xylitol/xylose" as late as January 24, 2017.[17] As STS explains:

> As a grammatical issue, the use of a "backward slash," also known as a slash or slant or solidus or virgule [ / ], is construed in different ways. For example, sometimes it serves as shorthand for *and*, as in: "He is enrolling in the JD/MBA program at Harvard." Other times it serves as shorthand for *or*, as in: "Each guest must present his/her ticket prior to entry." *See, e.g.,* http://www.thepunctuationguide.com/slash.html. As such, STS's initial understanding of the slash between xylose and xylitol was "and" – whereas Xlear expressed its initial belief that it meant "or." The parties are now in agreement that it should mean "or." But this understandable initial difference of opinion on its meaning certainly provides a rationale for "good cause" being demonstrated as to why certain prior art was not earlier appreciated and located based on the parties' respective understanding of a critical patent term. This is not a situation where a party already knew of the information "but simply failed to raise [their] claims." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).[18]

---

[13] *Id.* at 2, 3.

[14] *Id.* at 2, 4.

[15] *See* Fed. R. Civ. P. 16(b)(4) (stating that "[a] schedule *may* be modified only on good cause . . . .").

[16] U.S. Patent No. 6,054,143 ("'143 Patent"), col. 1, ll. 22-23.

[17] Defendant STS Health's Disclosure of Terms to be Construed at 2, Ex. 1 to Reply, docket no. 79-1, filed Apr. 14, 2017.

[18] Reply at 2-3.

Within a month of coming to an agreement that "xylitol/xylose" means "xylitol" *or* "xylose," STS filed its Motion. STS argues that there is prior art that is relevant to its Final Enforceability and Invalidity Contentions. This memorandum decision and order makes no conclusion about whether the prior art alleged by STS is persuasive regarding invalidity, but STS is correct that this is not a situation where STS knew of relevant prior art and concealed it until after the deadline passed. Instead, it appears that during the time when the parties disagreed about the meaning of "xylitol/xylose," the prior art "was not earlier appreciated and located . . . ."[19] Now that the dispute is resolved, STS argues, it has found material that bears on its positions in this case. This is a valid reason to allow amendment of the Scheduling Order to allow STS to advance those arguments. And because STS appears to have moved diligently in filing its Motion, there is good cause for modification of the Scheduling Order.

Third, while futility is not an element of Rule 16(b), it is not futile to allow STS to supplement its Final Enforceability and Invalidity Contentions. Xlear is incorrect that this case has already been decided on Step One of the *Alice/Mayo* analysis. Step One is to determine whether the patent claims are directed to a patent-ineligible concept, such as a law of nature, natural phenomena, or abstract idea. The December 14, 2015 Order[20] held that the '143 Patent was not directed to a law of nature, natural phenomena, or abstract idea because it claimed "*methods for the delivery* of xylitol/xylose, not the naturally occurring product itself."[21] But the December 14, 2015 Order also explained that there was more to the invalidity inquiry.[22] The December 14, 2015 Order explained that "[t]he Supreme Court has long held that a patent is not

---

[19] *Id.* at 3.

[20] Memorandum Decision and Order Denying Motion to Dismiss ("December 14, 2015 Order"), docket no. 37, entered Dec. 14, 2015.

[21] *Id.* at 10.

[22] *Id.*

automatically valid simply because it claims a process or method" and that, in order to be valid, "the process or method must have 'additional features that provide practical assurance that the process is more than a drafting effort designed to monopolize the law of nature itself.'"[23] The December 14, 2015 Order explained that it was a "very close call" whether the '143 Patent had the necessary additional features to be valid: "[T]he record is not sufficient to conclusively establish that the claims at issue are simply directed to a known natural sugar, xylitol, in known pre-existing nasal solutions, and administered via a conventional nasal spray . . . ."[24] "Evidence is needed to know if the nasal solutions were in fact pre-existing or if there were any similar applications of xylitol prior to the '143 Patent that render the '143 Patent non-novel."[25]

STS argues that the prior art it has discovered will provide evidence related to this inquiry. And it appears, after review of STS's proposed Supplemental Final Unenforceability and Invalidity Contentions, that STS is correct that the prior art will be relevant to the inquiry. Accordingly, it would not be futile to allow STS to supplement its Final Enforceability and Invalidity Contentions with the prior art it alleges shows invalidity.

## CONCLUSION

Because the parties disputed the meaning of "xylitol/xylose" until at least January 24, 2017, and because there is no indication that STS unreasonably delayed its Motion, STS has established good cause to amend the Scheduling Order. Additionally, it appears that STS's proposed supplementation will not be futile. Accordingly, the Motion will be granted.

---

[23] *Id.* (quoting *Mayo Collaborative Servs. V. Prometheus Labs.*, 132 S.Ct. 1289, 1297 (2012)).

[24] December 14, 2015 Order at 12.

[25] *Id.*

**ORDER**

IT IS HEREBY ORDERED that the Motion[26] is GRANTED. STS is granted leave to file

its Supplemental Final Unenforceability and Invalidity Contentions[27] as attached to the Motion

with one modification[28] on or before April 27, 2017.

Dated April 20, 2017.

BY THE COURT:

_____

David Nuffer
United States District Judge

---

[26] Motion for Leave to Amend the Patent Case Scheduling Order [Doc. No. 54] to File Supplemental Final Unenforceability and Invalidity Contentions and Memorandum in Support ("Motion"), docket no. 63, filed Feb. 28, 2017.

[27] Defendant's Supplemental Final Unenforceability and Invalidity Contentions, Ex. A to Motion, docket no. 63-1, filed Feb. 28, 2017.

[28] On page one of Defendant's Supplemental Final Unenforceability and Invalidity Contentions, the original Final Enforceability and Invalidity Contentions are identified as being filed at docket no. 59. This is incorrect. The correct entry is docket no. 61. This change should be made to the filed document.